# EXHIBIT A

Cynthia Z. Levin, Esq.
Identification No. 27050
ATTORNEY FOR PLAINTIFF
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
(888)595-9111 ext. 618

4/6/18
12:45/pm

## IN THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY
### CIVIL DIVISION

| | |
|---|---|
| Joseph Iannielli<br>203 Gibbons St<br>Dunmore PA 18512 | No. 18CV1543 |
| vs. | |
| MiraMed Revenue Group, LLC<br>360 E. 22nd Street<br>Lombard, IL 60148 | FORM OF ACTION:<br>CIVIL COMPLAINT |
| And | |
| Geisinger Health<br>100 N Academy Ave.<br>Danville, PA 17822 | |

### NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE GO TO OR TELEPHONE THE OFFICES SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

1

Dauphin County Bar Association
213 North Street
Harrisburg, PA 17101
Phone (717) 232-7536
www.dcba-pa.org
PA Bar Association: www.pabar.org

Cynthia Z. Levin, Esq.
Identification No. 27050
ATTORNEY FOR PLAINTIFF
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
(888)595-9111 ext. 618

MAJOR JURY CASE

| | | |
|---|---|---|
| Joseph Iannielli<br>203 Gibbons St<br>Dunmore PA 18512 | : <br> : <br> : No. | |
| vs. | : <br> : | FORM OF ACTION:<br>CIVIL COMPLAINT |
| MiraMed Revenue Group, LLC<br>360 E. 22nd Street<br>Lombard, IL 60148 | : <br> : <br> : | |
| And | | |
| Geisinger Health<br>100 N Academy Ave.<br>Danville, PA 17822 | : | |

## COMPLAINT

1.  Plaintiff, Joseph Iannielli (hereinafter referred to as "Plaintiff"), is an adult individual citizen and legal resident of the Commonwealth of Pennsylvania, residing at 203 Gibbons St, Dunmore PA 18512.

2.  Plaintiff is a consumer as defined by § 1692a(3) of the Federal Fair Debt Collections Practices Act ("FDCPA") and is a "consumer" as defined by § 2270.3 of the Pennsylvania Fair Credit Extension Uniformity Act ("PaFCEUA").

3

3. Defendant, MiraMed Revenue Group LLC (hereinafter referred to as "Defendant MiraMed"), is a limited liability company that is qualified to and regularly conducts business in the Commonwealth of Pennsylvania.

4. Defendant MiraMed maintains its legal residence and principal place of business at 360 E. 22nd Street, Lombard, IL 60148.

5. Defendant MiraMed was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant MiraMed regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6). Furthermore, Defendant MiraMed is a creditor defined by § 2270.3 of the PaFCEUA.

6. Defendant, Geisinger Health (hereinafter referred to as "Defendant Geisinger"), is a non-profit corporation that is qualified to and regularly conducts business in the Commonwealth of Pennsylvania.

7. Defendant Geisinger maintains its legal residence and principal place of business at 100 N. Academy Ave, Danvill, PA 17822.

8. Defendant Geisinger was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant Geisinger regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6). Furthermore, Defendant Geisinger is a creditor defined by § 2270.3 of the PaFCEUA

9. Defendant MiraMed and Defendant Geisinger will be collectively referred hereinafter as "Defendants".

///

4

## BACKGROUND

10. On or around May of 2017, Defendant MiraMed contacted Plaintiff in an attempt to collect an alleged outstanding debt.

11. This alleged debt was for a hospital bill for services provided by Defendant Geisinger, on or around March 2016, for Plaintiff's mother, Landa Iannielli.

12. Defendant MiraMed attempted to collect an alleged debt belonging to Plaintiff's mother.

13. Upon information and belief, Defendant Geisinger hired Defendant MiraMed to collect the alleged debt owed by Plaintiff.

14. Defendant Geisinger informed Defendant MiraMed to collect an alleged debt from Plaintiff, thereby causing Defendants to disclose the alleged debt to Plaintiff.

15. However, when Plaintiff learned that Defendants reported that Plaintiff owed an alleged debt, he contacted Defendant MiraMed to remove the alleged debt from his credit report. Defendant MiraMed's agent confirmed the debt was improperly reproted on Plaintiff's credit reprot and stated that it should be removed. Defendant MiraMed's agent provided information for Plaintiff to remove the debt from his credit report, but it still has not been removed. The reproting of this credit is a violation of law, unless Defendant immiediately removes the debt from Plaintiff's credit report.

16. Defendants' conduct violated the FDCPA and the PaFCEUA in multiple ways, including but not limited to:

    a. Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

    b. Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of

5

Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

c. Communicating or threatening to communicate credit information which is known or which should be known to be false (15 U.S.C. § 1692e(8));

d. Engaging in conduct the natural consequence of which was to harass, oppress or abuse Plaintiff in violation of § 2270.4(b)(4) of the PaFCEUA when sending threatening letters to Plaintiff and telling Plaintiff on the telephone that it would "come after" her for previous discounts in retaliation for her dispute of Defendant's unfair and illegal business practices;

e. The false representation of the amount of the debt in violation of §2270.4(b)(5)(ii) of the PaFCEUA; and

17. As a result of the above violations of the FDCPA and PaFCEUA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and both Defendant MiraMed and Defendant Geisinger is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I
### VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and,

For such other and further relief as may be just and proper.

## COUNT II
## VIOLATION OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

19. Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendant's conduct violated the PaFECUA;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and,

For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 1st day of March, 2018.

*[signature]*

Cynthia Z. Levin, Esq. (27050)
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 888-595-9111 ext 618
Fax: 866 633-0228
clevin@toddflaw.com
Attorney for Plaintiff

7

I, Joseph Iannielli, state that I am the Plaintiff in the above action, and am authorized to make this Verification and verify that the statements made in the foregoing pleadings are true and correct. I understand that false statements herein made are subject to penalties of 18 Pa C S Section 4904 relating to unsworn falsification to authorities.

Dated: 2-5-18

Joseph Iannielli

1

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet
LACKAWANNA County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

**Lead Plaintiff's Name:** Joseph Iannielli

**Lead Defendant's Name:** MiraMed Revenue Group, LLC

**Are money damages requested?** ☒ Yes ☐ No

**Dollar Amount Requested:** (check one) ☐ within arbitration limits ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes ☒ No

**Name of Plaintiff/Appellant's Attorney:** Cynthia Z. Levin

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

## SECTION B

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABILITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☒ Other: FDCPA and PaFECUA

*Updated 1/1/2011*

## NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5. Cover Sheet**

(a)(1) This rule shall apply to all actions governed by the rules of civil procedure except the following:

    (i) actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

    (ii) actions for support, Rules 1910.1 et seq.

    (iii) actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

    (iv) actions for divorce or annulment of marriage, Rules 1920.1 et seq.

    (v) actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

    (vi) voluntary mediation in custody actions, Rules 1940.1 et seq.

(2) At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b) The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c) The prothonotary shall assist a party appearing pro se in the completion of the form.

(d) A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e) The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet. The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.