# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| |
|---|
| JOSEPH IANNIELLI |
|                Plaintiff, |
| |
|    v. |
| |
| MIRAMED REVENUE GROUP, LLC, |
| |
| and |
| |
| GEISINGER HEALTH |
|                Defendants. |

Case No. 3:18-cv-00846 (RDM)

(Hon. Robert D. Mariani)

## ORDER

**AND NOW**, this _____ day of _____, 2018, upon consideration of the Motion to Dismiss of Defendant Geisinger Health pursuant to Federal Rule of Civil Procedure 12(b)(6), it is hereby **ORDERED** that said Motion is **GRANTED.**  Plaintiff's Complaint is hereby **DISMISSED**, with prejudice.

It is so **ORDERED**.

**BY THE COURT:**

_____
**ROBERT D. MARIANI, J.**

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| |
|---|
| JOSEPH IANNIELLI |
|                Plaintiff, |
| |
|    v. |
| |
| MIRAMED REVENUE GROUP, LLC, |
| |
| and |
| |
| GEISINGER HEALTH |
|                Defendants. |

Case No. 3:18-cv-00846 (RDM)

(Hon. Robert D. Mariani)

**MOTION OF GEISINGER HEALTH**
**TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Geisinger Health hereby moves this Honorable Court to dismiss Plaintiff's Complaint with prejudice for failure to state a claim upon which relief can be granted and, in support thereof, avers as follows.

1.     On March 9, 2018, Plaintiff filed a Complaint against Defendants alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA") in the Court of Common Pleas of Lackawanna County.[1]  See ECF Doc. No. 1, Exhibit "A".

---

[1] The Complaint incorrectly names Geisinger Health as having provided medical services to Landa Iannielli and retained Defendant MiraMed to collect a debt.

2.      On April 19, 2018, Defendant MiraMed Revenue Group, LLC ("MiraMed") filed a notice of removal of the action to this Court.  See ECF Doc. No. 1.

3.      On April 25, 2018, Defendant MiraMed filed its Answer with the Court.  See ECF Doc. No. 5.

4.      On May 10, 2018, Plaintiff served Geisinger Health with a copy of the Complaint.

5.      While the Complaint makes the conclusory allegation that Geisinger Health is a debt collector, Plaintiff has not alleged any facts to support this allegation.

6.      To the contrary, Plaintiff's Complaint alleges that the alleged debt was "for a hospital bill for services provided by Defendant Geisinger, on or around March, 2016, for Plaintiff's mother, Linda Iannielli", and that "Defendant Geisinger hired Defendant MiraMed to collect the alleged debt owed by Plaintiff [to Geisinger]."  Id. at ¶¶ 11, 13.

7.      The Complaint further alleges that Defendant MiraMed improperly reported that Plaintiff owed an alleged debt and that Defendant MiraMed violated the FDCPA by not having the debt removed from Plaintiff's credit report.  See id. at ¶ 15.

-2-

8.      These allegations fail to state a claim on which relief can be granted against Geisinger Health.

9.      Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.

10.     Plaintiff's Complaint fails to state a claim under the FDCPA because the statute only governs actions of "debt collectors" and the allegations in the Complaint establish that Geisinger Health is not a debt collector for purposes of the FDCPA.

11.     Nor can Geisinger Health be liable under the FDCPA for allegedly hiring MiraMed to collect a debt that allegedly was not owed by the Plaintiff.

12.     Under controlling Third Circuit law, a creditor that hires a debt collector cannot be held vicariously liable for the alleged violations of the FDCPA by said debt collector.

13.     Accordingly, Plaintiff cannot maintain a claim/cause of action against Defendant Geisinger Health for alleged violations of the FDCPA given the factual allegations in the Complaint that Geisinger Health is not a debt collector.

14.     Finally, the FCEUA claim fails because Geisinger Health cannot be held vicariously liable for the alleged violations of Defendant MiraMed, and

additionally, because Plaintiff failed to allege any "actual damages" caused by Geisinger Health's conduct.

**WHEREFORE**, Defendant Geisinger Health respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By:_____

Michael N. Onufrak, Esquire
Attorney I.D. No.: 43064
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
(215) 864-7174
(215) 789-7674 (Fax)
onufrakm@whiteandwilliams.com

Justin E. Proper, Esquire
Attorney I.D. No.: 202701
1650 Market Street
One Liberty Place, Suite 1800
(215) 864-7165
(215) 399-9620 (Fax)
Philadelphia, PA 19103-7395
properj@whiteandwilliams.com

-4-

Katrina D. Gibson
Attorney I.D. No.: 206896
LibertyView
457 Haddonfield Road, Suite 400
Cherry Hill, NJ  08002-2220
(856) 317-3668
(856) 317-3618 (Fax)
gibsonk@whiteandwilliams.com

Attorneys for Defendant,
Geisinger Health

Dated: May 31, 2018

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH IANNIELLI

              Plaintiff,

    v.

MIRAMED REVENUE GROUP, LLC,

and

GEISINGER HEALTH

              Defendants.

Case No. 3:18-cv-00846 (RDM)

(Hon. Robert D. Mariani)

## BRIEF OF DEFENDANT GEISINGER HEALTH
## IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Geisinger Health hereby files this Brief in Support of its Motion to Dismiss Plaintiff's claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.    STATEMENT OF ISSUE PRESENTED

*Question 1:* Should the Plaintiff's claim for alleged violations of the FDCPA be dismissed as to Geisinger Health when the factual allegations in the Complaint demonstrate that Geisinger Health is not a debt collector and the FDCPA only applies to debt collectors?

*Suggested Answer: Yes*

20975638v.1

*Question 2:* Should Plaintiff's claim for alleged violations of the FCEUA be dismissed as to Geisinger Health when the law is clear that a creditor cannot be held liable vicariously liable for the actions of a debt collector under the FDEUA, and additionally, because Plaintiff failed to allege any "actual damages" caused by Geisinger Health's conduct?

*Suggested Answer: Yes*

## II.     PROCEDURAL HISTORY

Plaintiff brought this action against Defendants in the Court of Common Pleas of Lackawanna County. <u>See</u> ECF Doc. No. 1.  On April 19, 2018, Defendant MiraMed Revenue Group, LLC ("MiraMed") filed a notice of removal of the action to this Court.  <u>See</u> ECF Doc. No. 1.  On April 25, 2018, Defendant MiraMed filed its Answer with the Court. <u>See</u> ECF Doc. No. 5.   On May 10, 2018, Plaintiff served Geisinger Health with a copy of the Complaint.

## III.    STATEMENT OF FACTS

Plaintiff's Complaint asserts two claims for relief against Geisinger Health pursuant to the FDCPA and the FCEUA.  Importantly, Plaintiff's Complaint does not allege any facts establishing that Geisinger Health is itself a debt collector.  To the contrary, Plaintiff's Complaint alleges that the alleged debt was "for a hospital bill for services provided by Defendant Geisinger, on or around March, 2016, for Plaintiff's mother, Linda Iannielli", and that "Defendant Geisinger hired Defendant

MiraMed to collect the alleged debt owed by Plaintiff [to Geisinger]." <u>Id.</u> at ¶¶ 11, 13.

Moreover, there are no allegations in Plaintiff's Complaint that Geisinger Health itself violated the FDCPA or the FCEUA. Instead, Plaintiff's Complaint alleges that Defendant MiraMed improperly reported that Plaintiff owed an alleged debt and that Defendant MiraMed violated the FDCPA by not having the debt removed from Plaintiff's credit report. <u>See id.</u> at ¶ 15. As demonstrated below, these allegations fail to state a claim on which relief can be granted under the FDCPA or FCEUA.

## IV.    ARGUMENT

### A.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

The Third Circuit requires a three-step analysis to meet the plausibility standard mandated by <u>Twombly</u> and <u>Iqbal</u>. First, the court should "outline the elements a plaintiff must plead to a state a claim for relief." <u>Bistrian v. Levi</u>, 696 F.3d 352, 365 (3d Cir. 2012). Next, the court should "peel away" legal conclusions

that are not entitled to the assumption of truth.  Id.; see also Iqbal, 556 U.S. at 678-79 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). It is well-established that a proper complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations and citations omitted). Finally, the court should assume the veracity of all well-pled factual allegations, and then "determine whether they plausibly give rise to an entitlement to relief." Bistrian, 696 F.3d at 365 (quoting Iqbal, 556 U.S. at 679).

Additionally, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326-327 (1989) (noting this procedure "streamlines litigation by dispensing with needless discovery and fact-finding").  A complaint should be dismissed where, as here, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Famology.com. Inc. v. Perot Systems Corp., 158 F. Supp. 2d 589, 590 (E.D. Pa. 2001), citing H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50 (1989).

### B.    Plaintiff's FDCPA Claim is Not Cognizable

Plaintiff's FDCPA claim fails as a matter of law as to Geisinger Health because the FDCPA does not apply to Geisinger Health.  It is well-settled that the

FDCPA applies only to "debt collectors," meaning those who engage in the collection of debts on behalf of others (i.e., third-party debt collectors). The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

The FDCPA expressly excludes creditors from its reach. The FDCPA does not apply to "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt originated by such person." 15 U.S.C. §§ 1692a(4) and 1692a(6)(F). Therefore, the Third Circuit has recognized that the FDCPA does not apply to creditors seeking to collect their own debts. See Pollice v. National Tax Funding, L.P., 225 F.3d 379, 403 (3d. Cir. 2000); Staub v. Harris, 626 F.2d 275, 277 (3d Cir. 1980) ("The [FDCPA] does not apply to persons or businesses collecting debts on their own behalf."); see also Messett v. Home Consultants, Inc., 2010 WL 1643606 at *4 (M.D. Pa. Apr. 22, 2010) (holding the FDCPA "applies only to 'debt collectors' as opposed to creditors who themselves attempt to collect a debt") (internal citations and quotations omitted).

In the analogous case of <u>Clauser v. World's Foremost Bank</u>, 2018 U.S. Dist. LEXIS 55931 (M.D.Pa. Mar. 30, 2018), Magistrate Judge William I. Arbuckle recently issued a report and recommendation that all FDCPA claims should be dismissed as against WFB because:

> Defendant WFB is clearly a creditor, and not a debt collector as contemplated by the FDCPA. That is, Defendant WFB's principal business is not debt collection. Further, Defendant WFB was clearly not collecting debt on its own behalf, as evidenced by the retention of outside counsel to facilitate debt collection. For this reason, Defendant WFB should be dismissed as a party to this claim.

<u>Id</u>. at *27-28.

Here, Plaintiff has not pleaded any facts to demonstrate that Geisinger Health is a debt collector by trade.  Instead, the Complaint alleges that Geisinger Health was acting as a health care provider who hired MiraMed to collect a debt that was owed to it.  Therefore, the Complaint fails to plead that the FDCPA applies, and Count I fails as a matter of law.  <u>See Dahlhammer v. Citibank (South Dakota) N.A.</u>, 2006 U.S. Dist. LEXIS 86859 (M.D.Pa. 2006) (concluding that Citibank was a creditor, and therefore, the FDCPA did not apply); <u>see also Levy-Tatum v. Navient,</u> 2016 WL 75231, at *7 (E.D.Pa. January 7, 2016) (dismissing the plaintiff's complaint which failed to include any factual assertions to establish that Navient is a debt collector within the meaning of the FDCPA).

Although not expressly alleged, it appears that Plaintiff alleges that Geisinger Health is vicariously liable under the FDCPA because it allegedly "informed Defendant MiraMed to collect an alleged debt from Plaintiff, thereby causing Defendants to disclose the alleged debt to Plaintiff."     Plaintiff's Complaint, ¶ 14.   Given the factual allegations that Geisinger Health hired MiraMed to collect a debt, Geisinger Health is not itself a debt collector, and thus, cannot be held vicariously liable for any alleged violations of the FDCPA by MiraMed.

In <u>Dahlhammer</u>, this Court held as a matter of law that "Citibank cannot be held vicariously liable for the acts of Burton Neil because of our earlier holding that Citibank itself is not a debt collector." <u>Id.</u> at *21.  This Court based its decision on the Third Circuit's decision in <u>Pollice</u>, wherein the court made clear that the only time a client of a debt collector can be vicariously liable for the misconduct of a debt collector is where the client is itself a debt collector. <u>Pollice</u>, 225 F.3d at 405. <u>See</u> <u>also</u> <u>Hutt v. Albert Einstein Med. Ctr.</u>, 2005 U.S. Dist. LEXIS 21548, at *23 n.7 (E.D. Pa. Sept. 28, 2005) (noting that "a creditor that is not itself a debt collector is not vicariously liable for the actions of a debt collector in the creditor's employ.").

20975638v.1

Similarly, the Eastern District of Pennsylvania, in <u>Castro v. Revere Collection Agency</u>, No. 90-5684, 1991 U.S. Dist. LEXIS 10497, at *3 (E.D. Pa. July 25, 1991), held that:

> The text of the [FDPCA], legislative history, and case law lead inescapably to the conclusion that, with a limited exception not present in this case, the [FDCPA] is applicable only to debt collectors, not the creditors who hire them. Because Congress has made it clear that creditors are not generally covered by the Act, common law agency principles are inapplicable and may not be applied to impose liability on a creditor . . . .

The foregoing makes clear that there is no claim that can be asserted under the FDCPA against a creditor.  Accordingly, the FDCPA claim must be dismissed as to Geisinger Health.

### C.   Plaintiff's FCEUA Claim is Not Cognizable

#### 1.   Geisinger Health Cannot be Held Liable for the Alleged Violations of the FCEUA by MiraMed

"Unlike the federal law, the FCEUA provides that a creditor--and not just a debt collector--may be liable under that act." <u>Howe v. Creditors Interchange Receivables Mgmt., LLC (In re Howe)</u>, 446 B.R. 153, 158 (Bankr. E.D.Pa. 2009). "For a creditor, liability arises upon the commission of any of the independent, affirmative collection acts listed in the statute."  <u>Id.</u>, citing 73 P.S. § 2270.4(b). However, like the FDCPA, there is no vicarious liability under the FCEUA  as between creditors and debt-collectors.  <u>Id.</u> at 159; <u>Sturzenacker v. Cmc Restoration,</u>

Inc., 2017 U.S. Dist. LEXIS 101284, at *7-8 (E.D.Pa. June 28, 2017) (granting motion to dismiss the FCEUA claim as to CMC given the allegations in the Complaint that C&B (the debt collector hired by CMC) made the phone calls and other harassing behaviors that allegedly violated the FCEUA).

Here, Plaintiff's Complaint alleges that Defendant MiraMed improperly reported that Plaintiff owed an alleged debt and that Defendant MiraMed violated the FDCPA by not having the debt removed from Plaintiff's credit report. Plaintiff's Complaint seeks to hold Geisinger Health vicariously liable for this and other alleged violations of the FCEUA by MiraMed.  These allegations do not give rise to a claim against a creditor under the FCEUA as a matter of law.

## 2. Plaintiff Failed to Allege any Actual Damages in Connection with his FCEUA Claim

Plaintiff's FCEUA claim also fails as a matter of law because Plaintiff has not pled any facts showing an actual injury.  "The FCEUA, Pennsylvania's analogue to the FDCPA, prohibits 'unfair methods of competition and unfair or deceptive acts or practices with regards to the collection of debts.'"  Kaymark v. Bank of Am., N.A., 783 F.3d 168, 182 (3d Cir. 2015) (quoting 73 P.S. § 2270.2). "The text of the FCEUA's enforcement provision reads: '[i]f a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this act, it shall constitute a violation of the [UTPCPL].'"  Id. (second alteration in original) (quoting 73 P.S. § 2270.5(a)).  Thus, the FCEUA "does not provide its

own private cause of action; rather, it is enforced through the remedial provision of the UTPCPL." Id.; see also Baldwin, 2016 U.S. Dist. LEXIS 135379 at *49-50. Therefore, the Third Circuit has found, "[i]f the FCEUA can only be enforced to the extent the UTPCPL's private remedy is invoked, then it follows that [the plaintiff] cannot state a claim for relief under the FCEUA if he cannot state a claim for relief under the UTPCPL." Walkup, 147 F. Supp. 3d 349, 2015 U.S. Dist. LEXIS 162060, at *15.

"To maintain a private right of action under the UTPCPL, a plaintiff must demonstrate (1) ascertainable loss of money or property, real or personal, that occurs (2) as a result of' the defendant's conduct prohibited under the UTPCPL." Kaymark, 783 F.3d at 180 (internal citations and quotations omitted).

Here, Plaintiff's Complaint does not make any reference to the UTPCPL. Count II seeks actual and statutory damages, but there are no facts alleged showing that Plaintiff suffered any actual damages as a result of the alleged violations of the FDCPA and the FCEUA. Paragraph 17 of the Complaint merely alleges that "[a]s a result of the above violations of the FDCPA and PaFCEUA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, metal anguish and emotional distress[1], and both Defendant

---

[1] Nelson v. First Card, 1998 U.S. Dist. LEXIS 2798, 1998 U.S. Dist. LEXIS 2798, at *6-7 (E.D. Pa. Mar. 9, 1998) (holding that "actual damages" under the UTPCPL "must be out-of-pocket losses, as recovery for emotional distress is not

MiraMed and Defendant Geisinger is liable to Plaintiff for Plaintiff's actual damages, statutory damages[2], and cots and attorney's fees."  Given the absence of any allegation that Plaintiff suffered an ascertainable loss of money or property proximately caused by Geisinger Health's conduct, Count II must be dismissed. See Kaymark, 783 F.3d at 181-82 ("Because Kaymark has not adequately pled ascertainable loss from the fees he did not pay and currently disputes, his claim fails.  We therefore affirm the District Court's order dismissing the UTPCPL claim against BOA and Udren.").

---

permitted under the UTPCPL.").

    [2] "[T]he Pennsylvania Supreme Court definitively held that statutory damages are unavailable under the UTPCPL in the absence of an ascertainable loss of money or property proximately caused by the defendant's prohibited conduct." Tenuto v. Transworld Sys., 2002 U.S. Dist. LEXIS 1764, at *3 (E.D.Pa. Jan. 31. 2002), citing Weinberg v. Sun Co., Inc., 565 Pa. 612, 777 A.2d 442, 446 (Pa. 2001).

20975638v.1

## IV.    CONCLUSION

For all of the foregoing reasons, Defendant Geisinger Health respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**


By:   s/Michael N. Onufrak
     Michael N. Onufrak, Esquire
     Attorney I.D. No.: 43064
     1650 Market Street
     One Liberty Place, Suite 1800
     Philadelphia, PA 19103-7395
     (215) 864-7174
     (215) 789-7674 (Fax)
     onufrakm@whiteandwilliams.com

     Justin E. Proper, Esquire
     Attorney I.D. No.: 202701
     1650 Market Street
     One Liberty Place, Suite 1800
     (215) 864-7165
     (215) 399-9620 (Fax)
     Philadelphia, PA 19103-7395
     properj@whiteandwilliams.com

20975638v.1

Katrina D. Gibson
Attorney I.D. No.: 206896
LibertyView
457 Haddonfield Road, Suite 400
Cherry Hill, NJ  08002-2220
(856) 317-3668
(856) 317-3618 (Fax)
gibsonk@whiteandwilliams.com

Attorneys for Defendant,
Geisinger Health

Dated: May 31, 2018

**CERTIFICATE OF COMPLIANCE WITH WORD-COUNT LIMIT**

I, Michael N. Onufrak, hereby certify that the foregoing Memorandum of Law Complies with the 5,000 word-count limit pursuant to Local Rule 7.8(b)(2). Based on the word-count feature of the word processing system used to prepare the foregoing brief, it contains 2,538 words.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By: _____s/Michael N. Onufrak_____
Michael N. Onufrak, Esquire
Attorney I.D. No.: 43064
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
(215) 864-7174
(215) 789-7674 (Fax)
onufrakm@whiteandwilliams.com

Justin E. Proper, Esquire
Attorney I.D. No.: 202701
1650 Market Street
One Liberty Place, Suite 1800
(215) 864-7165
(215) 399-9620 (Fax)
Philadelphia, PA 19103-7395
properj@whiteandwilliams.com

Katrina D. Gibson
Attorney I.D. No.: 206896
LibertyView
457 Haddonfield Road, Suite 400
Cherry Hill, NJ  08002-2220
(856) 317-3668
(856) 317-3618 (Fax)
gibsonk@whiteandwilliams.com

Attorneys for Defendant,
Geisinger Health

Dated: May 31, 2018

20975638v.1

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH IANNIELLI

          Plaintiff,

   v.

MIRAMED REVENUE GROUP, LLC,

and

GEISINGER HEALTH

          Defendants.

Case No. 3:18-cv-00846 (RDM)

(Hon. Robert D. Mariani)

## <u>CERTIFICATE OF NON-CONCURRENCE</u>

I, Michael N. Onufrak, counsel for Geisinger Health hereby certify that Defendant MiraMed Revenue Group, LLC concurs in this **Motion to Dismiss** and Plaintiff's counsel opposes it.

                                            /s/Michael N. Onufrak

                                         Michael N. Onufrak, Esquire

Dated:  May 31, 2018

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH IANNIELLI
                          Plaintiff,

         v.

MIRAMED REVENUE GROUP, LLC,

and

GEISINGER HEALTH
                          Defendants.

Case No. 3:18-cv-00846 (RDM)

(Hon. Robert D. Mariani)

## <u>CERTIFICATE OF SERVICE</u>

I, Michael N. Onufrak, Esquire, counsel for Geisinger Health hereby certify that a true and correct copy of the foregoing **Motion to Dismiss** was filed via the Court's electronic filing system upon the following counsel of record on the date indicated below:

Cynthia Z. Levin, Esp.
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406

Rebecca E. Leonard
Ricci Tyrrell Johnson & Grey
1515 Market Street, Suite 700
Philadelphia, PA 19102

_____s/Michael N. Onufrak____
Michael N. Onufrak, Esquire

Dated:  May 31, 2018

20975638v.1